UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-38-RLV
(5:04-cr-66-RLV-CH-1)

| | |
|---|---|
| MICHAEL GRAYLEN WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, Petitioner's motion to vacate will be denied, and the § 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On December 14, 2004, the Grand Jury for the Western District of North Carolina charged Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Criminal Case No. 5:04-cr-66, Doc. No. 1: Indictment). The Government subsequently filed notice of its intent to seek enhanced penalties under the Controlled Substances Act, pursuant to 21 U.S.C. § 851, based on Petitioner's prior conviction in 2002 in Catawba County Superior Court for possession with intent to sell and deliver cocaine. (Id., Doc. No. 2: Information).

1

On March 6, 2006, Petitioner entered into a plea agreement in which he agreed to plead guilty to the drug offense and to possession of a firearm during and in relation to a drug trafficking crime. (Id., Doc. No. 25 at 1: Plea Agreement). In exchange, the Government agreed to dismiss the felon-in-possession count and to withdraw its § 851 notice. (Id. at 1-3). The parties also set forth a series of joint stipulations regarding the calculation of the advisory guidelines range. (Id. at 2). In light of the Government's concessions, Petitioner waived his right to challenge his conviction and sentence in a direct appeal or collateral attack, with the exception of claims of ineffective assistance of counsel, prosecutorial misconduct, or related to his sentence, to the extent the sentence imposed was inconsistent with the parties' stipulations. (Id. at 4-5).

Consistent with the plea agreement, Petitioner pled guilty before this Court in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 46: Plea Hrg. Tr.). Petitioner acknowledged that he was, in fact, guilty of the drug conspiracy offense, and affirmed that he understood he was expressly waiving the right to challenge his conviction and sentence in a post-conviction proceeding. (Id. at 14-16). At the conclusion of the hearing, the Court accepted Petitioner's plea. (Id. at 16).

At sentencing, after the Government withdrew its § 851 notice, this Court calculated an advisory guidelines range of 92 to 115 months for the drug offense, based on an offense level of 23 and a criminal history category of VI, to be followed by a mandatory consecutive term of five years in prison for the § 924(c) offense. This Court ultimately sentenced Petitioner at the low end of the guidelines range to 92 months in prison for the drug offense, followed by a consecutive term of 60 months for the § 924(c) offense, for a total of 152 months in prison. (Id., Doc. No. 33: Judgment).

The Court entered judgment on September 25, 2007, and Petitioner appealed. (Id., Doc. No. 36: Notice of Appeal). The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion dated August 4, 2008. United States v. Wheeler, 286 Fed. App'x 3 (4th Cir. 2008). On April 21, 2009, this Court granted Petitioner's first motion under 18 U.S.C. § 3582, reducing Petitioner's sentence on the drug count to 77 months in prison in light of retroactively applicable amendments to the crack cocaine guidelines. (Id., Doc. No. 57: Order). On May 10, 2012, this Court denied Petitioner's second § 3582 motion, declining to reduce Petitioner's sentence further in light of additional retroactive amendments to the crack cocaine guidelines because of a series of infractions Petitioner incurred while incarcerated. (Id., Doc. No. 66: Order).

Petitioner placed the motion to vacate in the prison mail system on or around March 1, 2013, and it was stamp-filed in this Court on March 6, 2013. See (Doc. No. 1 at 13). In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On December 2, 3013, this Court ordered the Government to respond, and the Government filed its brief in response on January 31, 2014. (Doc. Nos. 2; 4).

II.     **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner's judgment became final when his time for seeking a writ of certiorari with the United States Supreme Court expired ninety days after the Fourth Circuit affirmed this Court's judgment on August 4, 2008. Clay v. United States, 537 U.S. 522, 524-25 (2003). Petitioner's motion to vacate, filed nearly five years later, is untimely under § 2255(f)(1), and none of the other subsections applies to render the petition timely. Furthermore, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and

4

voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. Petitioner has not presented a claim of ineffective assistance of counsel or prosecutorial misconduct and does not allege that he was sentenced contrary to the parties' stipulations. Accordingly, none of the exceptions to Petitioner's plea waiver apply, and his motion is subject to dismissal based on this alternative ground.

Finally, as the Government notes, even if the petition were timely, and if Petitioner had not waived the right to bring his Simmons claim, Petitioner's claim would fail because his conviction and sentence did not depend on and were not enhanced by any prior felony conviction. After the Government dismissed the felon-in-possession count as part of the plea agreement, neither of Petitioner's remaining counts of conviction—the drug offense and the § 924(c) offense—required as an element that Petitioner have a prior conviction for a felony offense. Similarly, although Petitioner was convicted of an offense under the Controlled

5

Substances Act, he was not subject to an enhanced sentence because the Government withdrew its § 851 notice of his prior conviction for a felony drug offense in advance of sentencing. Thus, even if the petition were not time-barred, and even if Petitioner had not waived the right to bring his current claim, he would still not be entitled to Simmons relief.

### IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely, and the petition will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 24, 2014

Richard L. Voorhees
United States District Judge